# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: September 23, 2025

| | |
|---|---|
| * * * * * * * * * * * * * * * * | |
| VITO CANTU, * | |
| * | |
| Petitioner, * | No. 19-1293V |
| * | |
| v. * | Special Master Gowen |
| * | |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * * * * | |

*Jordan Timothy Whiddon*, Tailim Song Law Firm, Dallas, TX, for Petitioner.
*Felicia Langel*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 1. 2024, Vito Cantu ("petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 79). For the reasons discussed below, I **GRANT IN PART** Petitioner's motion for attorneys' fees and costs and award a total of **$35,523.04.**

### I.      Procedural History

On August 27, 2019, Vito Cantu filed a petition for compensation in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that he suffered a shoulder injury related to vaccine administration (SIRVA) as a result of the trivalent influenza vaccination he received on December 31, 2017. *Id.* at Preamble. On October 4, 2024, the parties filed a stipulation, which I adopted as my decision awarding compensation on the same day. (ECF No. 94).

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) (Vaccine Act or the Act. All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On November 1, 2024, Petitioner filed a motion for attorneys' fees and costs. (ECF No. 97). Petitioner requests compensation in the total amount of $52,227.89, representing $39,619.00 in attorneys' fees and $12,608.89 in costs. *Id*. In this motion, Respondent reacted to this fees motion on November 4, 2024. (ECF No. 98). Respondent objected to Petitioner's request to be reimbursed for fees and costs associated with retaining and preparing a life care plan. *Id*. at 4, n. 3. Respondent noted that Petitioner's May 7, 2019 life care plan, was prepared four months before his petition was filed, and was included in his application for Social Security Disability Insurance ("SSDI") adjudicated on April 21, 2020, suggesting that the life care plan may have been prepared for purposes of his SSDI application. *Id*. The life care plan was not filed in this case.

On July 23, 2025, I issued a Scheduling Order directing Petitioner to file an amended motion for attorneys' fees. (ECF No. 101.) Petitioner was directed to file: (1) an affidavit of the petitioning attorney and other persons whose time is being billed; (2) Contemporaneous time records indicating the date and specific character of the services performed, the number of hours (in tenth of an hour time increments) expended for each service, as well as the name of the person providing service and their hourly rate; (3) a list of costs incurred by counsel along with supporting documentation; and (4) a statement, signed by Petitioner, specifying any costs that were borne by Petitioner personally rather than by counsel (along with supporting documentation), or a statement that no costs were personally incurred. *Id*.

Petitioner subsequently filed two supplemental motions for attorneys' fees and costs. ECF Nos. 102-103. Petitioner "elected to waive the $9,375.00 in expenses related to the life care plan, resulting in his costs being $3,233.89." ECF No. 103 at 1. Respondent responded to Petitioner's supplemental motions acknowledging Petitioner's waiver of the life care plan expenses and requesting that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs. ECF No. 104. On September 16, 2025, Petitioner filed additional documentation supporting his requested costs, which included two life care planner invoices. (ECF No. 105). On the same day, Respondent filed a notice of objection reiterating his opposition to Petitioner's request for life care planner expenses. (ECF No. 106). Respondent also objected to a $750.00 "Internal Medicine Associates of Plano" expense on the grounds that the cost was an unreimbursable medical expense, and not a litigation cost. *Id*.

I held a telephone status conference on September 18, 2025. Jordan Whiddon appeared on behalf of Petitioner, and Felicia Langel appeared on behalf of Respondent. Mr. Whiddon clarified that Petitioner was not resubmitting his request for the life care planner expenses. He explained that he submitted all of the invoices for each expense, previously or currently claimed, for completeness of the record.

The matter is now ripe for adjudication.

## II.     Analysis

Under the Vaccine Act, petitioner's counsel is entitled to reasonable attorneys' fees and costs when compensation is awarded. The special master may also award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded

2

compensation pursuant to a stipulation, he is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a. Attorneys' Fees

Petitioner requests the following hourly rates for the work of his counsel at Talim Song: for Mr. Jordan Whiddon: $250.00 per hour for work performed in 2018, $295.00 per hour for work performed in 2019 and 2020, $350.00 per hour for work performed in 2021, and $395.00 per hour for work performed from 2022-2024; for Mr. Tailim Song, $395.00 per hour for work performed from 2018-2020, and $450.00 per hour for work performed from 2021-2024; for Ms. Jennifer Ohm: $150.00 per hour for work performed in 2018, and $195.00 per hour for work performed in 2019; for Mr. Joseph Skaist: $195.00 per hour for work performed in 2018; for Mr. Chris Valentine: $150.00 per hour for work performed in 2019; for Mr. Daniel Rowland: $150.00 per hour for work performed in 2020, and $250.00 per hour for work performed in 2022; for Mr. Kevin Karla: $195.00 per hour for work performed in 2024; and for Mr. George Zho: $195.00 per hour for work performed in 2024.

It appears that this is Mr. Whiddon's first case in the Vaccine Program, and therefore the Court has not previously had an opportunity to assess the reasonableness of Mr. Whiddon's, or his associates' hourly rates.

To be eligible to practice in the Vaccine Program, an attorney must be admitted to practice in the USCFC. *Underwood v. Sec'y of Health & Human Servs.*, No. 00–357V, 2013 WL 3157525, at *4 (Fed. Cl. Spec. Mstr. May 31, 2013); *see* Vaccine Rule 14(a)(1). In cases where counsel is not a member of the USCFC bar, special masters have typically compensated counsel at paralegal/clerical rates. *See Kafer v. Sec'y of Health & Human Servs.*, No. 23-905V, 2025 WL 1443498, at *2 (Fed. Cl. Spec. Mstr. Apr. 14, 2025) ("An attorney who is not admitted to practice before this Court is not eligible to collect fees at an admitted attorney's rate for his work."); *Hasanovic v. Sec'y of Health & Human Servs.*, No. 21-1828V, 2025 WL 1453776, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2025); *Byrd v. Sec'y of Health & Human Servs.*, No. 20-1476V, 2023 WL 8948076, at *4 (Fed. Cl. Spec. Mstr. Sept. 8, 2023); *Schmidt v. Sec'y of Health & Human Servs.*, No. 17-0913V, 2020 WL 1528428, at *2 (Fed. Cl. Spec. Mstr. Feb. 25, 2020). Mr. Whiddon was admitted to practice law in Texas in 2014, and was admitted to practice before the USCFC in 2019. Based on my experience, the hourly rates billed by Mr. Whiddon are reasonable and shall be awarded herein.[3] I also observe that in my decision in *McCulloch* substantial weight was accorded

---

[3] I note that none of Mr. Whiddon's associates who billed time in this case have been admitted to the USCFC bar. Nevertheless, I will not reduce any of the rates billed by those associates in the present matter. In the future, Counsel is cautioned that rates may be reduced if the associates are not admitted to the USCFC bar when the work is performed.

to experience in the Vaccine Program and not *just* to years in practice generally. This approach has been followed in subsequent fee decisions in this court. Thus, I think that the rates billed for Mr. Song were relatively high given his lack of experience in vaccine cases and this consideration contributes to my overall view on this fee request.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter require reduction. Petitioner's November 1, 2024 Motion for Attorneys' Fees and Costs had several deficiencies. Relevant here, Petitioner submitted two invoices. The first invoice contained initials, but lacked a key or legend defining who performed the services billed. ECF No. 97-1 at 1-4. The second invoice did not indicate who performed any of the services, lacked a record of the amount of time spent on each task, and the hourly rate of the person billing was also not listed. *Id*. at 5-36. On July 23, 2025, I ordered Petitioner to correct the deficiency by providing contemporaneous time records indicating the date and specific character of the services performed, the number of hours (in tenth of an hour time increments) expended for each service, as well as the name of the person providing service and their hourly rate. ECF No. 100. In response, Mr. Whiddon explained that the invoice submitted containing billing entries from March 31, 2018, through March 21, 2022, had been generated using the firm's prior billing software. ECF No. 105. Mr. Whiddon stated that after transitioning to a new billing software, in responding to the court's request for more specific detail, he was unable to retrieve the individual timekeeper detail beyond what had already been provided. *Id*.

While I am sympathetic to Mr. Whiddon's technical difficulties, the fact remains that counsel's invoice for the time period from March 31, 2018, through March 21, 2022, is severely deficient. The Vaccine Rules explain, "[w]hether hours devoted to a matter are 'reasonable' is a subjective inquiry involving the nature of the work performed as well as the expertise of the professional performing the work. The special master or the court may reduce or exclude hours that are excessive, redundant, or otherwise unnecessary." Vaccine Rules, Second Supplement to Appendix B (1) Attorney's Fees (a)(i)(A). Thus, only having a description of the task completed and the amount charged, and not which professional completed the task or how long it took to perform said task, frustrates my ability to assess the reasonableness of Petitioner's request. In reviewing the records that were submitted it was also apparent to me that a substantial amount of time was likely spent in learning the basics of a SIRVA claim in this court that would not have been incurred by a practitioner with more experience in dealing with this type of claim in the Vaccine Program. Counsel experienced in handling vaccine claims typically take less time identifying issues and developing a vaccine case and that expertise is recognized with higher hourly rates. In this case it appears that the inexperience of counsel in vaccine cases did not justify some of the rates charged such as those charged by Mr. Song. Accordingly, because the filed billing records lacked the required detail, the time spent on the case appeared excessive and some of the rates charged were higher than would be expected for attorneys without experience in the program, I find it reasonable to reduce the total amount billed by 15%. This results in a reduction of **$5,942.85**.

Accordingly, Petitioner is entitled to final attorneys' fees of $33,676.15.

   b. **Attorneys' Costs**

4

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Prior to waiving the life care planner costs, Petitioner originally requested total attorneys' costs in the amount of $12,608.89. ECF No. 102 at 75. This amount is comprised of acquiring medical records ($1,274.26), postage ($22.63), the court's filing fee ($400.00), process server fees ($150.00), certificates of good standing and state bar fee ($356.00), the USCFC Bar admission fee ($281.00), a charge from "Internal Medicine – Associates of Plano" ($750.00), and two charges for a life care plan ($6,500.00 and $2,875.00, respectively).

Petitioner agreed to waive $9,375.00 in life care plan costs; thus, those expenses will not be reimbursed. The $750.00 expense for "Internal Medicine – Associates of Plano" was part of the life care plan costs that was waived; therefore, that expense also will not be reimbursed.[4] This results in a reduction of **$10,125.00**.

Additionally, the cost for admission to the USCFC Bar, counsel's certificates of good standing, and state bar fee are all non-compensable. *See Ceballos v. Sec'y of Health & Human Servs.*, No. 99-97V, 2004 WL 784910, at *15 (Fed. Cl. Spec. Mstr. Mar. 25, 2004) (the admission fee for the USCFC bar is not recoverable); *see also, Raymo v. Sec'y of Health & Human Servs.*, 2016 WL 7212323, at *24 (denying costs associated with obtaining counsel's certificate of good standing from the State Supreme Court). These costs are considered to be part of the attorney's basic qualifications to practice in this court and are not chargeable in a fee request in the Vaccine Program. This results in a reduction of **$637.00**.

I that the remaining costs for medical records, postage, the court's filing fee, and the process server fees are all typical administrative costs incurred in the Vaccine Program, and were reasonably incurred in this case. Accordingly, Petitioner is entitled to final attorneys' costs of $1,846.89.

### III.   Conclusion

In accordance with the foregoing, I hereby **GRANT IN PART** Petitioner's motion for attorneys' fees and costs and find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $39,619.00 |
| (Reduction of Fees) | (5,942.85) |
| **Total Attorneys' Fees Awarded** | **$33,676.15** |
| | |
| Attorneys' Costs Requested | $12,608.89 |
| (Reduction of Costs) | ($10,762.00) |
| **Total Attorneys' Costs Awarded** | **$1,846.89** |
| | |
| **Total Attorneys' Fees and Costs** | **$35,523.04** |

---

[4] Because the "Internal Medicine – Associates of Plano" expense for $750.00 is denied as duplicative and Petitioner waived all life care planner expenses, I find that Respondent's objection to this expense is moot.

**Accordingly, I award a lump sum in the amount of $35,523.04 representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance herewith.[5]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).